FILED
2023 Apr-12  AM 08:03
U.S. DISTRICT COURT
N.D. OF ALABAMA

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ALABAMA**
**NORTHWESTERN DIVISION**

| | |
|---|---|
| **GAYLA HAMILTON MILLS,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | **CIVIL ACTION NO.** |
| ) | |
| ) | |
| **PLAYTIKA, LTD., and** ) | |
| **PLAYTIKA HOLDING CORP.** ) | |
| ) | |
| **Defendants.** ) | |

## DEFENDANTS' NOTICE OF REMOVAL

Defendants Playtika Ltd. and Playtika Holding Corp. (collectively, "Playtika"), by counsel, pursuant to 28 U.S.C. §§ 1441 and 1446, hereby specially appear for the purpose of this removal and, preserving all defenses, remove this civil action to the United States District Court for the Northern District of Alabama from the Circuit Court of Franklin County, Alabama.

In support of this Notice of Removal, Playtika states as follows:

### I.   OVERVIEW

1.   On March 8, 2023, Plaintiff Gayla Hamilton Mills ("Plaintiff") filed suit against Playtika in the Circuit Court of Franklin County, Alabama, Case No. 33-

1

CV-2023-900034.00.  True and correct copies of all pleadings and process filed in state court are attached hereto as **Exhibit A**.

2.      Playtika Ltd. has yet to be properly served in accordance with Ala. R. Civ. Proc. 4.  Notwithstanding, Playtika Ltd., by counsel, specially appears for the purpose of this removal and reserves all defenses, including, but not limited to, insufficient service of process.  *See Kostelac v. Allianz Global Corp. & Specialty AG*, 517 Fed. App'x 670, 674 n.6 (11th Cir. 2013) ("The removal of an action from state to federal court does not waive any Rule 12(b) defenses[.]"); *see also* Fed. R. Civ. P. 12(b)(5) (defense of "insufficient service of process" not waived by removal).

3.      Playtika Holding Corp. was served with a copy of the Complaint on March 29, 2023.  *See* Ex. A at Doc. 6, Service Return.  Accordingly, this Notice of Removal, filed within 30 days of service, is timely.  *See* 28 U.S.C. § 1446(b).

4.      Pursuant to § 1446(a), Playtika has filed herewith a copy of all process, pleadings, and orders filed in the case to date.

5.      Playtika did not file responsive pleadings in the Circuit Court of Franklin County, Alabama, in advance of removing the case to this Court.

6.      A copy of this Notice of Removal will be filed with the Circuit Court of Franklin County, Alabama, and a copy will be provided to all adverse parties pursuant to 28 U.S.C. § 1446(d).

2

7.     Plaintiff's allegations against Playtika in this case arise from Playtika Ltd.'s development and publication of mobile games, namely casino-themed social games, which Plaintiff claims are unlawful contests of chance under Alabama law. Ex. A, Compl. ¶¶ 7-9.

8.     Plaintiff seeks to recover the amounts spent by all players in Alabama of Playtika's "online games of chance . . . including, but not limited to, slot machines, other casino-styled games, card games and other games of chance" from March 2022 to March 2023 (Ex. A, Compl. ¶¶ 1, 7, 24, Prayer for Relief), "for the use of the wife, or if no wife, the children, or, if no children, the next of kin of the loser[s]" of the games in that state.  Ala. Code § 8-1-150(b).

9.     Removal in this case is based upon 28 U.S.C. §§ 1332 and 1441(a).  As set forth below, removal is proper because the amount in controversy exceeds $75,000, exclusive of interest and costs, and because there is complete diversity between the parties.

## II.   <u>JURISDICTION AND VENUE</u>

10.    By removing this action, Playtika does not consent to this Court's exercise of personal jurisdiction over it in this action, and reserves the right to move for dismissal on that ground.  *See Kostelac*, 517 Fed. App'x at 674 n.6.

11.    Subject matter jurisdiction is based on this Court's diversity jurisdiction pursuant to 28 U.S.C. § 1332(a), which provides the Court with "original jurisdiction

of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different states" and "citizens of a State and citizens or subjects of a foreign state."

12.    Venue is proper in the Northern District of Alabama, Northwestern Division, because the state court action was filed in the Circuit Court of Franklin County, Alabama.  Thus, this Court is the "the district court of the United States for the district and division embracing the place where such action is pending."  28 U.S.C. § 1441(a).

### III.    GROUNDS FOR REMOVAL

13.    Removal of this case is proper under 28 U.S.C. §§ 1441(a), 1441(b), and 1332(a).   Together, these statutes allow for the removal of any civil action between "citizens of different states" where the amount in controversy exceeds $75,000, provided that no defendant "properly joined and served . . .  is a citizen of the State in which such action is brought."  28 U.S.C. § 1441(b).

14.    All requirements are met in this case.  The amount in controversy exceeds $75,000, and there is complete diversity between Plaintiff and Playtika.

### A.    The Amount in Controversy Exceeds $75,000

15.    The "amount in controversy" element of diversity jurisdiction requires that "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs."  28 U.S.C. § 1332(a).

4

16.   In determining whether the amount in controversy requirement is satisfied where, as here, there is an unspecified claim for damages, the removing defendant need only prove by a "preponderance of the evidence" that the amount in controversy exceeds the jurisdictional minimum. *Jones v. Novartis Pharm. Co.,* 952 F. Supp. 2d 1277, 1282 (N.D. Ala. 2013).  District courts "may use their 'judicial experience and common sense' in deciding whether the case stated in a complaint meets federal jurisdictional requirements." *Id.* at 1283.

17.   To meet its burden, the removing defendant may present additional evidence to establish that the amount in controversy exceeds $75,000, including "affidavits, declarations, or other documentation." *Id.*; *Pretka v. Kolter City Plaza II, Inc.,* 608 F.3d 744, 756 (11th Cir. 2010) (concluding defendants could "submit [their] own evidence in order to satisfy the jurisdictional requirements of removal," including defendants' own affidavits, declarations, or other documents).

18.   Here, the amount in controversy requirement is satisfied based on the allegations in the Complaint and declaration attached hereto.  Plaintiff seeks to recover, pursuant to Ala. Code § 8-1-150(b), the amounts spent by all players of Playtika's games in the state of Alabama from March 2022 to March 2023, "for the use of the wife, or if no wife, the children, or, if no children, the next of kin of the loser[s]" of the games in that state.  Ex. A, Compl. ¶¶ 7, 1, 24, Prayer for Relief.  The total amount spent by Alabama users of Playtika's casino-themed social games from

March 2022 to March 2023, which is the limitations period alleged by Plaintiff, far exceeds $75,000.  Ex. B, Decl. ¶ 6.  By way of example, purchases by Alabama users of Slotomania, one of those games (and the one depicted in the Complaint), for that period exceeded $500,000.  *Id.*  Accordingly, the amount of controversy requirement for removal is satisfied.

### B.    Complete Diversity Exists Between Plaintiff and Playtika

19.    Complete diversity of citizenship exists because Plaintiff is domiciled in Alabama and Playtika Ltd. and Playtika Holding Corp. are neither incorporated nor headquartered in Alabama.  28 U.S.C. § 1441(b).

20.    At the time this action was commenced, Plaintiff was domiciled in Franklin County, Alabama.  Ex. A, Compl. ¶ 3.  Thus, Plaintiff is a citizen of Alabama for purposes of diversity jurisdiction.  *McCormick v. Aderholt*, 293 F.3d 1254, 1257 (11th Cir. 2002) ("Citizenship is equivalent to 'domicile' for purposes of federal diversity jurisdiction.").

21.    At the time this action was commenced, Playtika Ltd. was and remains a foreign corporation, with its principal place of business in Herzliya, Israel.  Ex. A, Compl. ¶ 4; Ex. B, Decl. ¶ 2.  Thus, for purposes of diversity, it is a citizen of a foreign state.  28 U.S.C. § 1332(c)(1).

22.    At the time this action was commenced, Playtika Holding Corp., which is the parent of Playtika, Ltd., was and remains a corporation organized under the

laws of the State of Delaware, with its principal place of business in Nevada.  Ex. A, Compl. ¶ 5.   Thus, for purposes of diversity, it is a citizen of Delaware and California.  28 U.S.C. § 1332(c)(1).

23.    Thus, there is complete diversity between Plaintiff and Playtika. Accordingly, removal is proper pursuant to 28 U.S.C. §§ 1441(a), 1441(b), and 1332(a).

### IV.    <u>CONCLUSION</u>

24.    Removal of this action is proper under 28 U.S.C. §§ 1441 and 1332.

25.    Should Plaintiff move to remand this case, Playtika respectfully requests an opportunity to respond more fully in writing, including the submission of additional declarations and authority.

26.    Playtika reserves all of its defenses.

WHEREFORE, Playtika hereby removes this action from the Circuit Court of Franklin County, Alabama, to the United States District Court for the Northern District of Alabama, Northwestern Division.  This Notice has been served on all counsel of record on the date and manner stated in the Certificate of Service.

Dated:  April 11, 2023

Respectfully Submitted,

*/s/ John Earnhardt*
John Earnhardt (ASB-3724-A49J)
Carmen Chambers (9445N13U)
MAYNARD NEXSEN
1901 Sixth Ave N, Suite 1700
Birmingham, AL 35203
Tel: (205) 254-1204
jearnhardt@maynardnexsen.com
cchambers@maynardnexsen.com

*Attorney for Defendants Playtika Ltd.
and Playtika Holding Corp.*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 11th day of April 2023, the foregoing document was served on counsel of record for Plaintiff Gayla Hamilton Mills, listed below, via email and certified mail:

Jeffrey L. Bowling
BEDFORD, ROGERS &BOWLING, P.C.
303 North Jackson Street
P.O. Box 669
Russellville, AL 35653-0669
Telephone: 256.332.2880
jeffbrbpc@bellsouth.net

D. Frank Davis (DAV009)
John E. Norris (NOR041)
Wesley W. Barnett (BAR141)
Dargan M. Ware (WAR089)
DAVIS & NORRIS, LLP
2154 Highland Avenue S.
Birmingham, AL 35205
Telephone: 205.930.9900
Facsimile: 205.930.9989
fdavis@davisnorris.com
inorris@davisnorris.com
wbarnett@davisnorris.com
dware@davisnorris.com

*Counsel for Plaintiff Gayla Hamilton Mills*

*/s/ John Earnhardt*
John Earnhardt