FILED

2023 Apr-12  AM 08:03
U.S. DISTRICT COURT
N.D. OF ALABAMA

# EXHIBIT A

# ALABAMA SJIS CASE DETAIL



**PREPARED FOR: DAVID SMITH**

County: **33**     Case Number: **CV-2023-900034.00**     Court Action:

Style: **GAYLA HAMILTON MILLS V. PLAYTIKA, LTD. ET AL**

**Real Time**

## Case Action Summary

| Date: | Time | Code | Comments | Operator |
|-------|------|------|----------|----------|
| 3/8/2023 | 1:43 PM | ECOMP | COMPLAINT E-FILED. | BOW037 |
| 3/8/2023 | 1:44 PM | FILE | FILED THIS DATE: 03/08/2023          (AV01) | AJA |
| 3/8/2023 | 1:44 PM | EORD | E-ORDER FLAG SET TO "Y"          (AV01) | AJA |
| 3/8/2023 | 1:44 PM | ASSJ | ASSIGNED TO JUDGE: BRIAN P HAMILTON          (AV01) | AJA |
| 3/8/2023 | 1:44 PM | SCAN | CASE SCANNED STATUS SET TO: N          (AV01) | AJA |
| 3/8/2023 | 1:44 PM | TDMN | BENCH/NON-JURY TRIAL REQUESTED          (AV01) | AJA |
| 3/8/2023 | 1:44 PM | STAT | CASE ASSIGNED STATUS OF: ACTIVE          (AV01) | AJA |
| 3/8/2023 | 1:44 PM | ORIG | ORIGIN: INITIAL FILING          (AV01) | AJA |
| 3/8/2023 | 1:44 PM | C001 | C001 PARTY ADDED: MILLS GAYLA HAMILTON          (AV02) | AJA |
| 3/8/2023 | 1:44 PM | C001 | INDIGENT FLAG SET TO: N          (AV02) | AJA |
| 3/8/2023 | 1:44 PM | C001 | LISTED AS ATTORNEY FOR C001: BOWLING JEFFREY LOWE | AJA |
| 3/8/2023 | 1:44 PM | C001 | LISTED AS ATTORNEY FOR C001: MCREYNOLDS JOHN ANDR | AJA |
| 3/8/2023 | 1:44 PM | C001 | LISTED AS ATTORNEY FOR C001: HARGETT EVAN MICHAEL | AJA |
| 3/8/2023 | 1:44 PM | C001 | LISTED AS ATTORNEY FOR C001: DAVIS DUDLEY FRANK | AJA |
| 3/8/2023 | 1:44 PM | C001 | LISTED AS ATTORNEY FOR C001: NORRIS JOHN EDWARD | AJA |
| 3/8/2023 | 1:44 PM | C001 | LISTED AS ATTORNEY FOR C001: BARNETT WESLEY WARRI | AJA |
| 3/8/2023 | 1:44 PM | C001 | C001 E-ORDER FLAG SET TO "Y"          (AV02) | AJA |
| 3/8/2023 | 1:44 PM | D001 | D001 PARTY ADDED: PLAYTIKA, LTD.          (AV02) | AJA |
| 3/8/2023 | 1:44 PM | D001 | INDIGENT FLAG SET TO: N          (AV02) | AJA |
| 3/8/2023 | 1:44 PM | D001 | LISTED AS ATTORNEY FOR D001: PRO SE          (AV02) | AJA |
| 3/8/2023 | 1:44 PM | D001 | CERTIFIED MAI ISSUED: 03/08/2023 TO D001    (AV02) | AJA |
| 3/8/2023 | 1:44 PM | D001 | D001 E-ORDER FLAG SET TO "Y"          (AV02) | AJA |
| 3/8/2023 | 1:44 PM | D002 | D002 PARTY ADDED: PLAYTIKA HOLDING CORP.    (AV02) | AJA |
| 3/8/2023 | 1:44 PM | D002 | INDIGENT FLAG SET TO: N          (AV02) | AJA |
| 3/8/2023 | 1:44 PM | D002 | LISTED AS ATTORNEY FOR D002: PRO SE          (AV02) | AJA |
| 3/8/2023 | 1:44 PM | D002 | CERTIFIED MAI ISSUED: 03/08/2023 TO D002    (AV02) | AJA |
| 3/8/2023 | 1:44 PM | D002 | D002 E-ORDER FLAG SET TO "Y"          (AV02) | AJA |
| 3/13/2023 | 9:19 AM | ESCAN | SCAN - FILED 3/9/2023 - CERTIFIED MAIL | MMC |
| 3/29/2023 | 11:59 AM | D002 | SERVICE OF CERTIFIED MAI ON 03/29/2023 FOR D002 | MMC |
| 3/29/2023 | 12:00 PM | ESERC | SERVICE RETURN | MIC |

  ***END OF THE REPORT***

ELECTRONICALLY FILED
3/8/2023 1:43 PM
33-CV-2023-900034.00
CIRCUIT COURT OF
FRANKLIN COUNTY, ALABAMA
ANITA SCOTT, CLERK

| State of Alabama<br>Unified Judicial System<br><br>Form ARCiv-93    Rev. 9/18 | **COVER SHEET**<br>**CIRCUIT COURT - CIVIL CASE**<br>(Not For Domestic Relations Cases) | Case 33<br><br>Date of Filing:<br>03/08/2023 | Judge Code: |
|---|---|---|---|

## GENERAL INFORMATION

### IN THE CIRCUIT COURT OF FRANKLIN COUNTY, ALABAMA
### GAYLA HAMILTON MILLS v. PLAYTIKA, LTD. ET AL

**First Plaintiff:** ☐ Business  ☑ Individual  ☐ Government  ☐ Other

**First Defendant:** ☑ Business  ☐ Individual  ☐ Government  ☐ Other

---

**NATURE OF SUIT:** Select primary cause of action, by checking box (check only one) that best characterizes your action:

**TORTS: PERSONAL INJURY**
- ☐ WDEA - Wrongful Death
- ☐ TONG - Negligence: General
- ☐ TOMV - Negligence: Motor Vehicle
- ☐ TOWA - Wantonness
- ☐ TOPL  - Product Liability/AEMLD
- ☐ TOMM - Malpractice-Medical
- ☐ TOLM  - Malpractice-Legal
- ☐ TOOM - Malpractice-Other
- ☐ TBFM  - Fraud/Bad Faith/Misrepresentation
- ☐ TOXX  - Other: _____

**TORTS: PERSONAL INJURY**
- ☐ TOPE  - Personal Property
- ☐ TORE  - Real Properly

**OTHER CIVIL FILINGS**
- ☐ ABAN  - Abandoned Automobile
- ☐ ACCT  - Account & Nonmortgage
- ☐ APAA  - Administrative Agency Appeal
- ☐ ADPA  - Administrative Procedure Act
- ☐ ANPS  - Adults in Need of Protective Service

**OTHER CIVIL FILINGS (cont'd)**
- ☐ MSXX - Birth/Death Certificate Modification/Bond Forfeiture Appeal/<br>Enforcement of Agency Subpoena/Petition to Preserve
- ☐ CVRT  - Civil Rights
- ☐ COND - Condemnation/Eminent Domain/Right-of-Way
- ☐ CTMP - Contempt of Court
- ☐ CONT - Contract/Ejectment/Writ of Seizure
- ☐ TOCN - Conversion
- ☐ EQND - Equity Non-Damages Actions/Declaratory Judgment/<br>Injunction Election Contest/Quiet Title/Sale For Division
- ☐ CVUD - Eviction Appeal/Unlawful Detainer
- ☐ FORJ - Foreign Judgment
- ☐ FORF - Fruits of Crime Forfeiture
- ☐ MSHC - Habeas Corpus/Extraordinary Writ/Mandamus/Prohibition
- ☐ PFAB  - Protection From Abuse
- ☐ EPFA  - Elder Protection From Abuse
- ☐ QTLB  - Quiet Title Land Bank
- ☐ FELA  - Railroad/Seaman (FELA)
- ☐ RPRO  - Real Property
- ☐ WTEG - Will/Trust/Estate/Guardianship/Conservatorship
- ☐ COMP - Workers' Compensation
- ☑ CVXX  - Miscellaneous Circuit Civil Case

---

**ORIGIN:** F ☑ INITIAL FILING   A ☐ APPEAL FROM DISTRICT COURT   O ☐ OTHER

R ☐ REMANDED   T ☐ TRANSFERRED FROM OTHER CIRCUIT COURT

---

**HAS JURY TRIAL BEEN DEMANDED?** ☐ YES ☑ NO   **Note:** Checking "Yes" does not constitute a demand for a jury trial. (See Rules 38 and 39, Ala.R.Civ.P, for procedure)

---

**RELIEF REQUESTED:** ☑ MONETARY AWARD REQUESTED ☐ NO MONETARY AWARD REQUESTED

---

**ATTORNEY CODE:**

BOW037        3/8/2023 1:43:54 PM        /s/ JEFFREY LOWELL BOWLING
              Date                        Signature of Attorney/Party filing this form

---

**MEDIATION REQUESTED:**   ☐ YES ☐ NO ☑ UNDECIDED

**Election to Proceed under the Alabama Rules for Expedited Civil Actions:**   ☐ YES ☐ NO

ELECTRONICALLY FILED
3/8/2023 1:43 PM
33-CV-2023-90003400
CIRCUIT COURT OF
FRANKLIN COUNTY, ALABAMA
ANITA SCOTT, CLERK

DOCUMENT 2

# IN THE CIRCUIT COURT
## OF FRANKLIN COUNTY ALABAMA

GAYLA HAMILTON MILLS,     )
                )
     **Plaintiff,**       )
                )
**v.**               )     **Case no.:**
                )
**PLAYTIKA, LTD., and**    )
**PLAYTIKA HOLDING CORP.,**  )
                )
     **Defendants.**    )

## COMPLAINT

1.     This case is brought pursuant to Section 8-1-150(b) of the Alabama Code, which allows "***any other person***" to recover money lost in gambling "for the use of the wife…children or … next of kin of the loser." Ala. Code § 8-1-150(b) (emphasis supplied). As will be explained in detail below, this suit, brought by an individual for the use of those named in the statute, is not a class action pursuant to Rule 23 of the Alabama Rules of Civil Procedure. The legislature has chosen to allow ***any person*** to bring the case, and to allow the benefit to accrue to the family of the losing gamblers, whether or not that person is a proper class representative under Rule 23. It is also not a mass action under the federal Class Action Fairness Act since it is brought by one person. This suit is what is typically called a private attorney general action.

2.     Defendants, collectively referred to hereafter as "Playtika," make available online games and applications across multiple platforms that are illegal games of chance, and thus gambling, under Alabama law. Such games violate Alabama law if a patron pays money for the chance to win anything of value. As will be explained below, Playtika's games allow players to win free or extended playing time, which is a thing of value under Alabama Law. Ala. Code § 13A-12-20(11).

## PARTIES, JURISDICTION, AND VENUE

3.     Plaintiff Gayla Hamilton Mills is an adult resident citizen of Franklin County, Alabama.

4.     Defendant Playtika, Ltd. is a foreign corporation headquartered in Herzliya, Israel. It does business through its online gambling games in all counties in Alabama, including Plaintiff's resident county. It does not have a physical place of business in the state of Alabama.

5.     Defendant Playtika Holding Corp. is a corporation organized under the laws of Delaware with its principal place of business in Henderson, Nevada. It does business through its online gambling games in all counties in Alabama, including Plaintiff's resident county. It does not have a physical place of business in the state of Alabama.

DOCUMENT 2

2

6.     The events giving rise to this suit occurred primarily in Franklin County, Alabama, Plaintiff's resident county, making venue in this court proper under Ala. Code 6-3-7.

**FACTUAL BACKGROUND**

7.     Defendants Playtika, Ltd., and Playtika Holding Corp. (collectively "Playtika") make available online games of chance in a variety of formats including, but not limited to, slot machines, other casino-style games, card games and other games of chance. Below is a typical example of such games:



8.     Customers initially receive some free coins to play the games. They then spend coins to play the game. For example, on the slot type games customers spend some of their coins to spin the reels. If they lose, they lose the coins wagered. If they win, they win additional coins allowing them to play longer. When a

DOCUMENT 2

consumer runs out of coins entirely, they must either stop playing the game or spend real money to purchase additional coins, which can be spent in the same way.

9.      Defendant collects millions of dollars in revenue each year from consumers who purchase coins in its apps and use them to play the slot machines and other games of chance found there.

### ALABAMA'S GAMBLING LAWS

10.      "[T]he public policy of this State, as recorded in the Constitution, is that illegal gambling is harmful." Alabama v. Epic Tech,L.L.C., 323 So.3d 572, 582 (Ala. 2020). Indeed, as stated by our Supreme Court as long ago as 1888 and as recently as 2020, Alabama's judiciary has long recognized the Legislature's condemnation of the societal harm of illegal gambling:

> This construction is in full harmony with the policy of the constitution and laws of Alabama prohibitory of the vicious system of lottery schemes and the evil practice of gaming, in all their protean shapes, tending, as centuries of human experience now fully attest, to mendicancy and idleness on the one hand, and moral profligacy and debauchery on the other. No state has more steadfastly emphasized its disapprobation of all these gambling devices of money-making by resort to schemes of chance than Alabama. For more than 40 years past -- we may say, from the organization of the state, with some few years of experimental leniency -- the voice of the legislature has been loud and earnest in its condemnation of these immoral practices, now deemed so enervating to the public morals.

State v. Epic Tech, LLC, 323 So. 3d 572, 582 (Ala. 2020) (quoting Johnson v. State, 83 Ala. 65, 3 So. 790, 791 (1888)).

4

11.  Alabama's public policy against gambling as embodied in the Alabama Constitution is so strong that its Legislature cannot permit a game of chance involving some skill unless skill is the dominant factor, not chance. Opinion of Justices, 795 So. 2d 630 (Ala. 2001) (referencing Section 65 of the Alabama Constitution).

12.  The Alabama criminal laws pertaining to gambling are codified at Sections 13A-12-20 through 13A-12-92 of the Code of Alabama, 1975. Section 13A-12-22(a) states "[a] person commits the crime of promoting gambling if he knowingly advances or profits from unlawful gambling activity otherwise than as a player." Section 13A-12-23 adds: "A person commits the crime of conspiracy to promote gambling if he conspires to advance, or profit from gambling activity, otherwise than as a player."

13.  The statute also defines gambling itself. "A person engages in gambling if he stakes or risks something of value upon the outcome of a contest of chance or a future contingent event not under his control or influence, upon an agreement or understanding that he or someone else will receive something of value in the event of a certain outcome." Ala. Code § 13A-12-20(4) (1975).

14.  As noted above, players of defendants' games pay real money to purchase coins, which they then wager in the hopes of winning more coins so that they can continue to play without making additional purchases. They make this

5

wager on the outcome of the spin of a slot machine or the results of other gambling games.

15.   Under Alabama law, "something of value" specifically includes "extension of a service entertainment or a privilege of playing at a game or scheme without charge." Ala. Code § 13A-12-20(11). As a matter of law, paying money to get "coins" that one bets hoping to win more coins so as to gain the "privilege of playing at a game or scheme without charge" is gambling a thing of value in Alabama.

16.   Alabama law also defines the term "contest of chance" to include "{a]ny contest, game, gaming scheme or gaming device in which the outcome depends in a material degree upon an element of chance, notwithstanding that skill of the contestants may also be a factor therein." Ala. Code § 13A-12-20(3). Defendants' gambling games are contests of chance under Alabama law.

17.   As noted above, Alabama law provides a statutory civil cause of action to recover money paid and lost due to gambling. Ala. Code § 8-1-150. Subsection (b) of the statute provides:

> (b) **Any other person** may also recover the amount of such money, thing, or its value by an action commenced within 12 months after the payment or delivery thereof for the use of the wife or, if no wife, the children or, if no children, the next of kin of the loser.

Ala. Code § 8-1-150(b). Plaintiff Gayla Hamilton Mills is such an "other person" with respect to every Alabama citizen who paid money to Playtika to play gambling

DOCUMENT 2

games within the past 12 months. The Alabama Legislature, therefore, has explicitly authorized her to bring this action to return that money to the families of the Alabamians who lost it.

18.   While there is a dearth of Alabama caselaw interpreting the plain language of Section 8-1-150(b), authority from other states with similarly-worded statutes make plain that such provisions should be enforced according to their unambiguous meaning. A notable recent example is <u>Commonwealth ex rel. Brown v. Stars Interactive Holdings (IOM), Ltd.</u>, 617 S.W. 3d 792 (Ky. 2020), where the Supreme Court of Kentucky was faced with a similar gambling recovery statute authorizing "any other person" to sue and recover for gambling losses incurred by Kentucky citizens. In that case, the state of Kentucky sued the offshore operator of an online gambling site called PokerStars. The state sought recovery of all losses by Kentucky citizens, invoking a statute very similar to Alabama's authorizing "any other person" to recover gambling losses. The defendant argued that the state was not a "person" within the meaning of the statute. The supreme court rejected that argument and reinstated the state's judgment against the defendant, reasoning that the word "any" in the phrase "any other person" "means one indiscriminately of whatever kind or class; one, no matter what one and is an indefinite pronominal adjective used to designate objects in a general way without pointing out any one in particular. By using the phrase 'any other person,' the General Assembly plainly

expressed that it meant to confer standing on *all* the kinds and classes of persons . .

. *without exception*." Id. at 799 (internal quotations and citations omitted; emphasis

supplied). Using this definition, plaintiff unquestionably has standing to represent

the family of gamblers who lost money playing Defendants' games.

### THIS CASE IS NOT SUBJECT TO FEDERAL COURT JURISDICTION

19.     This action is not a class action. The legislature authorized "any person"

to bring the suit, not just a person who could meet the requirements of Rule 23.

20.     The Alabama Supreme Court has held that when a statute authorizes

"any person" to bring an action, it means what it says. See Bates v. Crane, 157 So.

3d 171, 174-75 (Ala. 2014) (interpreting statute that allowed any person to bring

complaint before police board).

21.     Instead of a class action under Rule 23, this case is what is typically

called a "private attorney general action." See Smith v. Southeastern Financial

Corp., 337 So. 2d. 330 (Ala. 1976) ("The Civil Worthless Check Act by using the

word 'unlawful' and allowing a civil action to be maintained regardless of whether

a criminal action has been instituted promotes the private Attorney General

concept."). In such an action, the state or other governmental unit authorizes an

individual to act on its behalf and enforce the statute in a private action to enforce a

public interest. See, e.g., National Consumers League v. Flowers Bakeries, LLC, 36

F. Supp. 3d 26, 32-33 (D.D.C. 2014). In the Flowers Bakeries case, Plaintiff brought

DOCUMENT 2

the case, as authorized by a District of Columbia statute, on behalf of purchasers of particular types of bread, who would recover if it prevailed in the case. Id. at 29. Likewise, Ms. Mills brings this case as a private attorney general for the benefit of the family of Alabamians who have lost money to Playtika in illegal gambling, pursuant to Section 8-1-150, which explicitly authorizes this type of suit.

22.    The United States Supreme Court has held that actions by an attorney general, no matter how many people may benefit from them, are not "mass actions" or "class actions" under the Class Action Fairness Act, and so cannot be removed to federal court. Mississippi ex rel. Hood v. AU Optronics Corp., 571 U.S. 161, 176 (2014). In Hood, the defendants argued that a case like this one was a mass action under CAFA because, even though there was a single plaintiff, 100 or more persons would benefit from a recovery in the action. Id. at 169. The Supreme Court, in a unanimous decision, rejected this argument, stating that the 100 or more persons mentioned in CAFA "are not unspecified individuals who have no actual participation in the suit, but instead the very 'plaintiffs' referred to later in the sentence—the parties who are proposing to join their claims in a single trial." Id. The Supreme Court stated: "CAFA's '100 or more persons' phrase does not encompass unnamed persons who are real parties in interest to claims brought by named plaintiffs."  Id. Likewise, the federal circuit courts of appeals that have considered the issue have unanimously held that an attorney general or private

attorney general action not invoking Rule 23 or a state law counterpart is similarly not a class action with the meaning of CAFA. Canela v. Costco Wholesale Corp., 071 F. 3d 845, 851 (9th Cir. 2020); Mississippi ex rel. Hood v. AU Optronics Corp., 701 F.3d 796, 799 (5th Cir. 2012), rev'd on other grounds, 571 U.S. 161.  Because a suit by the Attorney General, like a private attorney general action, has only one plaintiff, and is not brought under Rule 23 or any state law equivalent, it is not removable under CAFA. Id. at 176. The same is true in the case at bar.

23.    Since Hood was decided in 2014, multiple federal courts have relied upon it to hold that private attorney general suits are likewise not covered by CAFA, and thus not removable unless the claims of the named plaintiff exceed $75,000 dollars in controversy. See, e.g., National Consumers League v. Flowers Bakeries, LLC, 36 F. Supp. 3d 26, 32-33 (D.D.C. 2014); Canela v. Costco Wholesale Corp., 971 F.3d 845, 853 (9th Cir. 2020). This case should likewise be heard in state court. The federal courts thus lack jurisdiction because the amount-in-controversy requirement for the named plaintiff cannot be met.

### CLAIM FOR RELIEF

24.    Pursuant to Section 8-1-150(b) of the Alabama Code, Plaintiff Gayla Hamilton Mills seeks recovery of all sums paid by Alabama residents to Playtika in its online gambling games during the period beginning one year before the filing of this complaint until this case is resolved.

10

DOCUMENT 2

25.    Plaintiff seeks this recovery to go to the benefit of the families of the gamblers who paid the money, as required by Section 8-1-150(b).

## PRAYER FOR RELIEF

Plaintiff respectfully prays that this court:

1) take jurisdiction of this cause;

2) following discovery, enter a final judgment against Playtika awarding to the family and next of kin of all gamblers that made payments from Alabama all money paid to play the illegal gambling games described herein;

3) appoint a special master to determine all proper recipients of the money at issue;

4) enter a permanent injunction preventing Playtika from continuing its illegal activities in Alabama;

5) award interest and costs; and

6) award any other relief to which the Court finds plaintiff and the family members are entitled.

/s/ Jeffrey L. Bowling
Jeffrey L. Bowling
Attorney for Plaintiff

11

DOCUMENT 2

**COUNSEL:**

Jeffrey L. Bowling
BEDFORD, ROGERS & BOWLING, P.C.
303 North Jackson Street
P.O. Box 669
Russellville, AL 35653-0669
Telephone: 256.332.2880
jeffbrbpc@bellsouth.net

D. Frank Davis (DAV009)
John E. Norris (NOR041)
Wesley W. Barnett (BAR141)
Dargan M. Ware (WAR089)
DAVIS & NORRIS, LLP
2154 Highland Avenue S.
Birmingham, AL 35205
Telephone: 205.930.9900
Facsimile: 205.930.9989
fdavis@davisnorris.com
jnorris@davisnorris.com
wbarnett@davisnorris.com
dware@davisnorris.com

PLEASE SERVE BY CERTIFIED MAIL, RETURN RECEIPT REQUESTED:

Playtika, Ltd.
2225 Village Walk Dr.,
Suite 240
Henderson, NV 89052

Playtika Holding Corp.
c/o Corporation Service Co.
112 North Curry Street
Carson City, NV 89703

12



AlaFile E-Notice

33-CV-2023-900034.00

To:  JEFFREY LOWELL BOWLING
     jeffbrbpc@bellsouth.net

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF FRANKLIN COUNTY, ALABAMA

GAYLA HAMILTON MILLS V. PLAYTIKA, LTD. ET AL
33-CV-2023-900034.00

The following complaint was FILED on 3/8/2023 1:43:59 PM

Notice Date:     3/8/2023 1:43:59 PM

ANITA SCOTT
CIRCUIT COURT CLERK
FRANKLIN COUNTY, ALABAMA
P. O. BOX 160
RUSSELLVILLE, AL, 35653

256-332-8861



AlaFile E-Notice

33-CV-2023-900034.00

To:  PLAYTIKA, LTD.
2225 VILLAGE WALK DRIVE
SUITE 240
HENDERSON, NV, 89052

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF FRANKLIN COUNTY, ALABAMA

GAYLA HAMILTON MILLS V. PLAYTIKA, LTD. ET AL
33-CV-2023-900034.00

The following complaint was FILED on 3/8/2023 1:43:59 PM

Notice Date:     3/8/2023 1:43:59 PM

ANITA SCOTT
CIRCUIT COURT CLERK
FRANKLIN COUNTY, ALABAMA
P. O. BOX 160
RUSSELLVILLE, AL, 35653

256-332-8861



AlaFile E-Notice

33-CV-2023-900034.00

To:   PLAYTIKA HOLDING CORP.
      112 NORTH CURRY STREET
      CARSON CITY, NV, 89703

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF FRANKLIN COUNTY, ALABAMA

GAYLA HAMILTON MILLS V. PLAYTIKA, LTD. ET AL
33-CV-2023-900034.00

The following complaint was FILED on 3/8/2023 1:43:59 PM

Notice Date:     3/8/2023 1:43:59 PM

ANITA SCOTT
CIRCUIT COURT CLERK
FRANKLIN COUNTY, ALABAMA
P. O. BOX 160
RUSSELLVILLE, AL, 35653

256-332-8861

| State of Alabama<br>Unified Judicial System<br>Form C-34  Rev. 4/2017 | **SUMMONS**<br>**- CIVIL -** | **Court Case Number**<br>33-CV-2023-900034.00 |
|---|---|---|

**IN THE CIRCUIT COURT OF FRANKLIN COUNTY, ALABAMA**
**GAYLA HAMILTON MILLS V. PLAYTIKA, LTD. ET AL**

**NOTICE TO:** PLAYTIKA, LTD., 2225 VILLAGE WALK DRIVE SUITE 240, HENDERSON, NV 89052
*(Name and Address of Defendant)*

THE COMPLAINT OR OTHER DOCUMENT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT, AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT OR OTHER DOCUMENT, WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF(S) OR ATTORNEY(S) OF THE PLAINTIFF(S),
JEFFREY LOWELL BOWLING                                                                                    ,
*(Name(s) of Attorney(s))*

WHOSE ADDRESS(ES) IS/ARE: POST OFFICE BOX 669, RUSSELLVILLE, AL 35653                  .
*(Address(es) of Plaintiff(s) or Attorney(s))*

THE ANSWER MUST BE MAILED OR DELIVERED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT OR OTHER DOCUMENT WERE SERVED ON YOU OR A JUDGMENT BY DEFAULT MAY BE RENDERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT OR OTHER DOCUMENT.

**TO ANY SHERIFF OR ANY PERSON AUTHORIZED BY THE ALABAMA RULES OF CIVIL PROCEDURE TO SERVE PROCESS:**

☐ You are hereby commanded to serve this Summons and a copy of the Complaint or other document in this action upon the above-named Defendant.

☑ Service by certified mail of this Summons is initiated upon the written request of GAYLA HAMILTON MILLS
pursuant to the Alabama Rules of the Civil Procedure.                                            *[Name(s)]*

| 03/08/2023 | /s/ ANITA SCOTT | By: |
|---|---|---|
| *(Date)* | *(Signature of Clerk)* | *(Name)* |

☑ Certified Mail is hereby requested.          /s/ JEFFREY LOWELL BOWLING
*(Plaintiff's/Attorney's Signature)*

## RETURN ON SERVICE

☐ Return receipt of certified mail received in this office on                                    .
*(Date)*

☐ I certify that I personally delivered a copy of this Summons and Complaint or other document to
                                             in                                            County,
*(Name of Person Served)*                                     *(Name of County)*

Alabama on                           .
*(Date)*

_____          _____          *(Address of Server)*
*(Type of Process Server)*          *(Server's Signature)*

                                   _____          _____
                                   *(Server's Printed Name)*          *(Phone Number of Server)*

| State of Alabama<br>Unified Judicial System<br>Form C-34   Rev. 4/2017 | **SUMMONS**<br>**- CIVIL -** | **Court Case Number**<br>33-CV-2023-900034.00 |
|---|---|---|

### IN THE CIRCUIT COURT OF FRANKLIN COUNTY, ALABAMA
### GAYLA HAMILTON MILLS V. PLAYTIKA, LTD. ET AL

**NOTICE TO:** PLAYTIKA HOLDING CORP., 112 NORTH CURRY STREET, CARSON CITY, NV 89703
_____
*(Name and Address of Defendant)*

THE COMPLAINT OR OTHER DOCUMENT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT, AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT OR OTHER DOCUMENT, WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF(S) OR ATTORNEY(S) OF THE PLAINTIFF(S),
JEFFREY LOWELL BOWLING
_____,
*[Name(s) of Attorney(s)]*

WHOSE ADDRESS(ES) IS/ARE: POST OFFICE BOX 669, RUSSELLVILLE, AL 35653 .
*[Address(es) of Plaintiff(s) or Attorney(s)]*

THE ANSWER MUST BE MAILED OR DELIVERED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT OR OTHER DOCUMENT WERE SERVED ON YOU OR A JUDGMENT BY DEFAULT MAY BE RENDERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT OR OTHER DOCUMENT.

### TO ANY SHERIFF OR ANY PERSON AUTHORIZED BY THE ALABAMA RULES OF CIVIL PROCEDURE TO SERVE PROCESS:

☐ You are hereby commanded to serve this Summons and a copy of the Complaint or other document in this action upon the above-named Defendant.

☑ Service by certified mail of this Summons is initiated upon the written request of GAYLA HAMILTON MILLS
*[Name(s)]*
pursuant to the Alabama Rules of the Civil Procedure.

| 03/08/2023 | /s/ ANITA SCOTT | By: |
|---|---|---|
| *(Date)* | *(Signature of Clerk)* | *(Name)* |

☑ Certified Mail is hereby requested.      /s/ JEFFREY LOWELL BOWLING
*(Plaintiff's/Attorney's Signature)*

## RETURN ON SERVICE

☐ Return receipt of certified mail received in this office on _____.
*(Date)*

☐ I certify that I personally delivered a copy of this Summons and Complaint or other document to _____
_____ in _____ County,
*(Name of Person Served)*                          *(Name of County)*

Alabama on _____.
*(Date)*

_____      _____      _____
*(Type of Process Server)*           *(Server's Signature)*                *(Address of Server)*

_____      _____
*(Server's Printed Name)*            *(Phone Number of Server)*

# U.S. Postal Service
# CERTIFIED MAIL® RECEIPT
*Domestic Mail Only*

For delivery information, visit our website at www.usps.com®.

OFFICIAL USE

Certified Mail Fee

$

Extra Services & Fees (check box, add fee as appropriate)

☐ Return Receipt (hardcopy)        $ _____
☐ Return Receipt (electronic)       $ _____
☐ Certified Mail Restricted Delivery  $ _____
☐ Adult Signature Required          $ _____
☐ Adult Signature Restricted Delivery $ _____

Postmark
Here

Postage

$

Total Postage and Fees

$   16.13

Sent To  *Playtika LTD*

Street and Apt. No., or PO Box No.  *2225 Village Walk Dr Ste 240*

City, State, ZIP+4  *Henderson NV 89052*

PS Form 3800, April 2015 PSN 7530-02-000-9047        See Reverse for Instructions

7020 0640 0001 9412 5094

# U.S. Postal Service
# CERTIFIED MAIL® RECEIPT
*Domestic Mail Only*

For delivery information, visit our website at *www.usps.com*.

OFFICIAL

**Certified Mail Fee**

$

**Extra Services & Fees** *(check box, add fee as appropriate)*

☐ Return Receipt (hardcopy)          $ _____

☐ Return Receipt (electronic)        $ _____

☐ Certified Mail Restricted Delivery  $ _____

☐ Adult Signature Required            $ _____

☐ Adult Signature Restricted Delivery $ _____

Postmark
Here

**Postage**

$

**Total Postage and Fees**

$        1613

Sent To  Playtika Holding Corp

Street and Apt. No., or PO Box No.  11 N. Curry St

City, State, ZIP+4  Carson City NV  89703

PS Form 3800, April 2015 PSN 7530-02-000-9047          See Reverse for Instructions

7020 0640 0001 1000 9612 5100

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to: CV 23900034

Plautika Holding Corp
112 N. Curry St.
Carson City NV 89703

9590 9402 7887 2234 6779 95

2. Article Number (Transfer from service label)

7020 0640 0001 9612 5100

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X  ☐ Agent
   ☐ Addressee

B. Received by (Printed Name)   C. Date of Delivery

Kris
Clerk for CSC

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:       ☐ No

FILED

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☒ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ ...Mail
☐ ...Mail Restricted Delivery
   (over $500)

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2020 PSN 7530-02-000-9053   Domestic Return Receipt



**AlaFile E-Notice**

33-CV-2023-900034.00

Judge: BRIAN P HAMILTON

To:   BOWLING JEFFREY LOWELL
      jeffbrbpc@bellsouth.net

---

# NOTICE OF SERVICE

---

IN THE CIRCUIT COURT OF FRANKLIN COUNTY, ALABAMA

GAYLA HAMILTON MILLS V. PLAYTIKA, LTD. ET AL
33-CV-2023-900034.00

The following matter was served on 3/29/2023

D002 PLAYTIKA HOLDING CORP.
Corresponding To
CERTIFIED MAIL

ANITA SCOTT
CIRCUIT COURT CLERK
FRANKLIN COUNTY, ALABAMA
P. O. BOX 160
RUSSELLVILLE, AL, 35653

256-332-8861



**AlaFile E-Notice**

33-CV-2023-900034.00

Judge: BRIAN P HAMILTON

To:   MCREYNOLDS JOHN ANDREW IV
       johnmcbrbpc@bellsouth.net

---

# NOTICE OF SERVICE

---

IN THE CIRCUIT COURT OF FRANKLIN COUNTY, ALABAMA

GAYLA HAMILTON MILLS V. PLAYTIKA, LTD. ET AL
33-CV-2023-900034.00

The following matter was served on 3/29/2023

D002 PLAYTIKA HOLDING CORP.
Corresponding To
CERTIFIED MAIL

ANITA SCOTT
CIRCUIT COURT CLERK
FRANKLIN COUNTY, ALABAMA
P. O. BOX 160
RUSSELLVILLE, AL, 35653

256-332-8861



**AlaFile E-Notice**

33-CV-2023-900034.00

Judge: BRIAN P HAMILTON

To:  HARGETT EVAN MICHAEL
     evanbrbpc@gmail.com

# NOTICE OF SERVICE

IN THE CIRCUIT COURT OF FRANKLIN COUNTY, ALABAMA

GAYLA HAMILTON MILLS V. PLAYTIKA, LTD. ET AL
33-CV-2023-900034.00

The following matter was served on 3/29/2023

D002 PLAYTIKA HOLDING CORP.
Corresponding To
CERTIFIED MAIL

ANITA SCOTT
CIRCUIT COURT CLERK
FRANKLIN COUNTY, ALABAMA
P. O. BOX 160
RUSSELLVILLE, AL, 35653

256-332-8861



AlaFile E-Notice

33-CV-2023-900034.00

Judge: BRIAN P HAMILTON

To:  DAVIS DUDLEY FRANK
     fdavis@davisnorris.com

# NOTICE OF SERVICE

IN THE CIRCUIT COURT OF FRANKLIN COUNTY, ALABAMA

GAYLA HAMILTON MILLS V. PLAYTIKA, LTD. ET AL
33-CV-2023-900034.00

The following matter was served on 3/29/2023

D002 PLAYTIKA HOLDING CORP.
Corresponding To
CERTIFIED MAIL

ANITA SCOTT
CIRCUIT COURT CLERK
FRANKLIN COUNTY, ALABAMA
P. O. BOX 160
RUSSELLVILLE, AL, 35653

256-332-8861



**AlaFile E-Notice**

33-CV-2023-900034.00

Judge: BRIAN P HAMILTON

To: NORRIS JOHN EDWARD
jnorris@davisnorris.com

---

# NOTICE OF SERVICE

---

IN THE CIRCUIT COURT OF FRANKLIN COUNTY, ALABAMA

GAYLA HAMILTON MILLS V. PLAYTIKA, LTD. ET AL
33-CV-2023-900034.00

The following matter was served on 3/29/2023

D002 PLAYTIKA HOLDING CORP.
Corresponding To
CERTIFIED MAIL

ANITA SCOTT
CIRCUIT COURT CLERK
FRANKLIN COUNTY, ALABAMA
P. O. BOX 160
RUSSELLVILLE, AL, 35653

256-332-8861

AlaFile E-Notice

33-CV-2023-900034.00

Judge: BRIAN P HAMILTON

To: BARNETT WESLEY WARRINGTON
wbarnett@davisnorris.com

# NOTICE OF SERVICE

IN THE CIRCUIT COURT OF FRANKLIN COUNTY, ALABAMA

GAYLA HAMILTON MILLS V. PLAYTIKA, LTD. ET AL
33-CV-2023-900034.00

The following matter was served on 3/29/2023

D002 PLAYTIKA HOLDING CORP.
Corresponding To
CERTIFIED MAIL

ANITA SCOTT
CIRCUIT COURT CLERK
FRANKLIN COUNTY, ALABAMA
P. O. BOX 160
RUSSELLVILLE, AL, 35653

256-332-8861